UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN BREEN, et al.,<br><br>Defendants. | Case No. 14-cv-02169-JST<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

Plaintiff Arlene Campbell filed this action on May 12, 2014. ECF No. 1. She sought review of a decision by the Commissioner of Social Security to deny her Social Security benefits. Id. On August 13, 2014, Defendants filed a motion to dismiss, alleging that Campbell failed to exhaust her administrative remedies before filing her complaint, and therefore that this Court lacked jurisdiction over the action. ECF No. 12. Campbell did not oppose the Motion.

On September 17, 2014, the Court granted Defendants' Motion to Dismiss, and ordered Campbell to amend her complaint within thirty days or face dismissal of her complaint with prejudice. ECF No. 13 at 3. Campbell failed to amend her complaint within thirty days, or at any time.

On October 27, 2014, the Court issued an Order to Show Cause why Campbell's complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 14. The Court gave Campbell thirty days to respond to that Order and explained that if she failed to do so, her complaint would be dismissed with prejudice. ECF No. 14 at 1.

As of today's date, Campbell has not responded to the Order to Show Cause.

I.   **LEGAL STANDARD**

In the Ninth Circuit, "when a plaintiff fails to amend a complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order . . . ." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir.

1999). To determine whether to dismiss a claim for failure to comply with a court order, a court weighs the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotations omitted).

## II. ANALYSIS

Four of the five Pagtalunan factors strongly support dismissal of this action. The last is neutral.

The first two factors—the public interest in expeditious resolution of litigation, and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to comply with or respond to court orders, Campbell has completely stalled this action, thereby depriving the Court of the ability to control its docket. Further, Campbell's failure even to respond to the Court or Defendants has effectively clogged the Court's docket with an unpursued claim, diverting time and attention from other litigants who wish to pursue their actions. These factors weigh strongly in favor of dismissal.

As to the third factor—the risk of prejudice to Defendants—"a presumption of prejudice arises from the plaintiff['s] failure to prosecute." Hernandez, 138 F.3d at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281.

Campbell has provided no excuse for her failure to file an amended complaint or for her failure to respond to the Defendants' Motion to Dismiss and the Court's Order to Show Cause. Actual prejudice arises where Defendants cannot communicate with a plaintiff. Here, Campbell has been entirely uncommunicative. Accordingly, the Court finds that this factor weighs strongly in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. The Court gave Campbell multiple opportunities to comply with the Court's orders, including, after her failure to respond to the Motion to Dismiss, an opportunity to file an amended complaint and an express opportunity to explain her lack of diligence in prosecuting the action. In two orders, the Court warned Campbell that failure to respond would result in the dismissal of her complaint. See ECF Nos. 13, 14. Campbell also has been advised of the Court's free support services for *pro se* litigants. ECF No. 14. Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismiss her complaint with prejudice after Campbell failed to comply with the Court's first order to amend her complaint, the Court attempted the lesser sanction of issuing an Order to Show Cause and providing another opportunity to comply and save her claim. Cf. Yourish, 191 F.3d at 992.

These opportunities and warnings are sufficient to establish that the Court has considered and attempted sanctions short of dismissal. In re Phenyl propanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1229 (9th Cir. 2006) ("[A court's] warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case."). This factor strongly favors dismissal.

The fifth favor concerns the public policy favoring disposition of cases on their merits, which normally "strongly counsels against dismissal." PPA Prods., 460 F.3d at 1228. Nonetheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." Id. Consequently, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotations omitted). Campbell's failure to comply with the Court's orders has impeded all progress in this case. Thus, this factor is neutral.

Because granting further leave to amend would be futile, and because of the undue delay in this case, dismissal of this case with prejudice is proper. See Yourish, 191 F.3d at 998 (affirming

3

dismissal with prejudice for failure to timely amend complaint). Bearing in mind its obligation of sensitivity to *pro se* litigants, the Court has more than adequately provided Campbell "with notice of the deficiencies" in her prosecution of this action and given her several opportunities to comply. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

Notwithstanding the public policy favoring the disposition of actions on their merits, the Court's need to manage its docket and the public interest in the expeditious resolution of litigation require dismissal of this action. In view of Campbell's unresponsiveness to Court orders, the Court finds no appropriate sanction less drastic than dismissing Campbell's complaint. Accordingly, the Court hereby DISMISSES this action WITH PREJUDICE pursuant to Rule 41(b). The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 21, 2015

_____
JON S. TIGAR
United States District Judge